IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Dawn R. Vallier, | Case No. 3:13 CV 651 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Commissioner of Social Security, | |
| Defendant. | |

**INTRODUCTION**

Plaintiff Dawn Vallier timely filed a Complaint (Doc. 1) against the Commissioner of Social Security, seeking judicial review of the Commissioner's decision to deny supplemental social security income ("SSI") benefits. This Court has jurisdiction under 42 U.S.C. § 405(g).

This case was referred to Magistrate Judge Vecchiarelli for a Report and Recommendation ("R&R") pursuant to Local Rule 72.2(b)(2). Following briefing (Docs. 23, 28, & 29), the Magistrate Judge recommended this Court affirm the final decision of the Commissioner denying Plaintiff's claim for SSI benefits (Doc. 30).

This matter is now before this Court on Plaintiff's Objection to the R&R (Doc. 31) and Defendant's Response (Doc. 32). Pursuant to *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate Judge's findings. For the reasons below, this Court adopts the recommendation to affirm the Commissioner's determination.

**BACKGROUND**

The R&R accurately recites the relevant factual and procedural background from the record, and this Court adopts them in their entirety (Doc. 30 at 1–14). Briefly, Plaintiff is now thirty-four years old. She previously worked as a cashier, a housekeeper, and in a fast food restaurant. She has a limited education -- she completed only the 9th grade and does not hold a GED (AR at 1272–73). Plaintiff claims SSI on the basis of her pacemaker, bronchial asthma, depression, and bipolar disorder.

**STANDARD OF REVIEW**

In reviewing a denial of SSI, this Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g)). Judicial review is limited to "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (quoting 42 U.S.C. § 405(g)). Even if substantial evidence, or indeed a preponderance of the evidence, supports a claimant's position, the court cannot overturn the Commissioner's decision "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). However, procedural errors can be a basis for overturning the decision of the Commissioner, even if that decision is

supported by substantial evidence. *See Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## DISCUSSION

Plaintiff raises four primary objections to the R&R. First, Plaintiff hyperbolically claims the R&R "totally and flagrantly ignores . . . that electromagnetic fields would pose a substantial risk of altering [her] pacemaker['s] settings" (Doc. 31 at 2). Second, Plaintiff argues the R&R erroneously finds Plaintiff has a "limited education," when in fact she has a "marginal education." Third, Plaintiff argues the R&R erred in "fixing" the record with respect to an aspect of the Vocational Expert's testimony, and otherwise errs regarding the reasoning level required for certain representative jobs. Fourth, Plaintiff argues the R&R errs in accepting the ALJ's treatment of certain physicians' medical opinions.

Plaintiff's pacemaker argument must be rejected. Certain representative jobs -- inspector and hand packager -- "can [be] performed even if [Plaintiff] is required to avoid [certain] machinery" (Doc. 30 at 22; AR at 2609). Moreover, Plaintiff failed to offer convincing medical evidence that, in fact, she is subject to environmental restrictions on account of her pacemaker -- an article from the website "eHow" on "Precautions to Follow When Receiving Pacemaker," submitted with Plaintiff's Objection to the R&R, does not suffice (*see* Doc. 31-4).

Plaintiff's intellectual-capacity argument also is unavailing. Plaintiff's ninth-grade education falls within the "limited education" grade range. *See* 20 C.F.R. § 404.1564(b). The only record evidence supporting a contrary finding is Plaintiff's own testimony that she reads at a third-grade level. As the Commissioner notes, there is no evidence Plaintiff was diagnosed with Borderline Intellectual Functioning (Doc. 32 at 2), nor is there evidence that Plaintiff cannot pass a drivers' test

3

because of some intellectual impediment. The ALJ had substantial evidence to conclude Plaintiff fell within the limited education range.

Plaintiff's arguments with respect to the reasoning level required for the VE's identified representative jobs also must be rejected. As the R&R explains, the Commissioner is not bound by the Dictionary of Occupational Titles' ("DOT") "reasoning level" metric when determining whether a claimant's residual functional capacities allow her to preform a job found in the national economy. *See Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003) (rejecting the argument that "the Commissioner should be bound by [the DOT's] characterization of" occupations as skilled or semi-skilled).

Finally, this Court rejects Plaintiff's argument with respect to treatment of physician opinions. The ALJ could properly credit Dr. Khan's assessment of Plaintiff's mental capabilities with "some weight," and not "controlling weight," in view of record evidence contradicting Dr. Khan's "extreme opinion regarding Plaintiff's mental limitations" (Doc. 30 at 28–29) (citing record medical evidence noting the absence of certain mental health conditions). The ALJ could properly credit the findings of Dr. Landge with only some weight, as the record contains evidence that contradicts his Residual Functional Capacity findings (*id*. at 30–32). Finally, the ALJ gave "little weight" to Dr. O'Connor's assessment of Plaintiff's disability, as he did not examine Plaintiff or otherwise provide a medical basis for his disability finding. Because the ALJ necessarily found these treating physicians' findings were either contradicted by other substantial evidence in the record, or (in the case of Dr. O'Connor), were unsupported by accepted diagnostic techniques, the ALJ could properly give those opinions less than controlling weight. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

## CONCLUSION

Plaintiff's Objection (Doc. 31) is rejected, and this Court adopts the R&R (Doc. 30). The claim for benefits is denied.

IT IS SO ORDERED.

             s/ *Jack Zouhary*
             JACK ZOUHARY
             U. S. DISTRICT JUDGE

             March 13, 2014